Longworth, J.
In this proceeding we are asked to review a judgment of the district court affirming a decree of the court of common pleas wherein a certain mortgage, alleged to be invalid as such, from Nathan H. Shepherd and wife to Joseph Shepherd, was held to be a lien upon the land thereby sought to be incumbered, prior to the lien of a judgment in favor of David Norman subsequently rendered. The court of common pleas, upon the hearing,-found the facts and law separately, and the only question presented for our consideration is whether, upon these facts, the instrument referred to is in law a valid mortgage. If so, it is not disputed but that, as a lien, it precedes the judgment. The finding of facts explains itself and is as follows:
“ And the court do find that the mortgage deed set forth in the petition of the said Joseph Shepherd was and is written on two separate and distinct sheets of legal-cap paper, which two sheets of paper are attached together by artificial means consisting of two brass paper-fastenings. That the granting clause of said mortgage deed is on the first page of the first sheet of the paper so attached; that the description of the land contained in said mortgage deed commences on -the first page of the first sheet so attached, and continues through all. Of the second page of said first sheet, and part of the third, page of said first sheet so attached. That the condition of said mortgage deed commences on the fourth page of the first; sheet of paper so attached, and covers all of.said fourth page: of said first sheet, and all of the first and second pages oL the second sheet so attached. And the court also finds that the date of the said mortgage deed, the signatures of the grantors of said mortgage deed and their seals annexed thereto, and, the signatures of the witnesses and the certificate of acknowledgment of the notary public with his notarial seal affixed,, are all on the third page of the second sheet of paper so. attached.
“ And the court further finds that the said mortgage deed so- *322 as aforesaid, written on the two sheets of paper as aforesaid, found and attached together by means of said two brass fastenings as aforesaid found, was on the 5th day of June, a. d. 1876, delivered to the recorder of said'Coshocton county, to be by him entered on record, and was on the 30th clay of June, a. D. 1876, by said recorder duly recorded in mortgage record No. 13, pages 293, 294, and 295, of the mortgage records of said Coshocton county.”
The sole question here is whether the fact that the mortgage was written upon two sheets of paper attached in the manner described rendered it invalid as a mortgage. We think the court below properly decided that it did not.
There is no rule of law requiring a deed to be written entirely upon one sheet of paper, unless it be found in the first section of the act of February 22, 1831, 1 S. & O. 460, which requires the certificate of the ofiicer taking the acknowledgment to be “ on the same sheet on which such deed, mortgage, or other instrument may be printed or written.” Under this statute this court decided in Winkler v. Higgins, 9 Ohio St. 599, where the certificate of acknowledgment was upon a separate strip of paper attached to the deed by a wafer, with the officer’s seal upon it, that there was a failure to comply with the terms of the statute, and, in that case, it was said, “ The facility with which such a certificate of acknowledgment might be removed from one instrument and attached to others would greatly impair the public security against intentional frauds.”
This remark has no application to the case before ns. Here the certificate of acknowledgment is found upon the sheet containing the testatum clause, the signatures and the seals; and is inseparable from it without mutilation. True, this sheet does not contain upon itself a complete mortgage deed, but it is also true that neither does the other sheet which precedes it and to which it is attached. No such fraudulent use could be made of such an instrument as is suggested in Winkler v. Higgins, the possibility of which it was the intent of the statute to avoid.
Indeed, it may be said that no fraudulent use of any kind *323 could be made of this paper without actual forgery, and that this crime would be as easily perpetrated by writing a whole mortgage as half an one. In fine, we do not think that the case falls within the •principle of Winkler v. Higgins or the requirement of the statute. Undoubtedly, where fraud is alleged, the fact that such an instrument is not drawn upon a a single sheet might be a significant, or, under certain circumstances, an all-important factor in the determination of the issue. Nothing of the kind is claimed here.

Judgment ajrft/rmed.